IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                        **CAUSE NO. 1:21CR67-LG-RPM**
                                                            **CIVIL ACTION NO. 1:22CV65-LG**

**GERALD WAYNE JONES**

### ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. § 2255

**BEFORE THE COURT** is the [10] Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the defendant, Gerald Wayne Jones. He asks the Court to vacate his sentence pursuant to § 2255 because he is in custody in violation of his constitutional rights and "without compelling government reasons for [C]ongress to proscribe marijuana therefore without due process of law." After reviewing the Motion, the record in this matter, and applicable law, the Court finds that his Motion should be denied.

### BACKGROUND

Jones pled guilty to one count of conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 846, and one count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). On October 5, 2021, the Court sentenced Jones to (count one) 60 months' imprisonment, 3 years' supervised release, $500 fine with interest waived, and a $100 special assessment. He was also sentenced to (count two) 60 month's imprisonment, to run consecutive to count one, 3 years'

supervised release, to run concurrently to count one, and a special assessment of $100, totaling $200 as to both counts. He did not appeal his conviction or sentence.

On March 24, 2022, Jones filed the instant § 2255 Motion. The basis of Jones' claims is that he is a political prisoner, and he is being deprived of his constitutional rights under the Fourth and Fifth Amendment. He argues that there are no "compelling government reasons for [C]ongress to proscribe marijuana therefore without due process of law." Jones notes that he is not making a claim of ineffective assistance of counsel, albeit counsel for Jones failed to protect Jones' right from constitutional deprivation.

## DISCUSSION

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. Indeed, a collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). 28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

A district court may deny a § 2255 motion without conducting a hearing "only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). However, the § 2255 movant bears the burden of "produc[ing] independent indicia of

the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (internal quotation marks omitted). Contested factual issues may not be decided on the basis of affidavits alone unless the affidavits are supported by other evidence in the record. *United States v. Hughes,* 635 F.2d 449, 451 (5th Cir. 1981).

As construed by the Court, Jones appears to be challenging the legality and constitutionality of federal law criminalizing the possession, use, distribution, or sale of marijuana. While this claim appears to be cognizable under § 2255, a movant who fails to raise claims on direct appeal must show cause of his procedural default and actual prejudice suffered as a result of the alleged constitutional error. *Pineda v. United States*, Nos. 6:19-cr-39 & 6:20-cv-559, 2021 WL 2661020, at *4 (E.D. Tex. June 10, 2021) (citing *United States v. Samuels,* 59 F.3d 526, 528 (5th Cir. 1995)). Jones has made no claims that provide cause as to why he failed to file a direct appeal in his case or what prejudice he has suffered as a result of any alleged error. *Pineda*, 2021 WL 2661020, at *4. For this reason alone, Jones' § 2255 Motion should be dismissed. *See id.* (citing *United States v. Robinson*, 2020 WL 2476556, at *2 (W.D. La. May 13, 2020)).

Even then, the merits of Jones' claims fail. First, the Fourth Amendment provides no basis for Jones' claim. Jones does not argue that law enforcement lacked probable cause to seize his marijuana, nor does he insist that his pre-trial process or plea process were constitutionally deficient. *See Pineda*, 2021 WL 266 1020, at *5. Rather, he challenges the law under which he was convicted and

subsequently imprisoned. *See id.* (citing *Robinson*, 2020 WL 2476556, at *3). Under the Fifth Amendment, government action—*i.e.*, creating a federal law criminalizing marijuana—complies with substantive due process "if that action is rationally related to a legitimate government interest." *Robinson*, 2020 WL 2476556, at *4 (citing *FM Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)). Courts in this Circuit have repeatedly found that the provisions on the criminalization of marijuana survive Fifth Amendment challenges. *See, e.g.*, *Pineda*, 2021 WL 266 1020, at *6; *Robinson*, 2020 WL 2476556, at *4; *see also United States v. Green*, 222 F. Supp. 3d 267, 279 (W.D.N.Y. 2016). Thus, the claims raised by Jones are meritless

## CONCLUSION

The Court has considered the claims raised in Jones' § 2255 Motion and has determined that none of his claims have merit. His Motion is due to be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Motion to Vacate Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the defendant, Gerald Wayne Jones, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21th day of April, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE